[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Dennis Alsip appeals his conviction for aggravated assault, in violation of R.C. 2903.12. We affirm. In his first assignment of error, Alsip argues that the trial court erred by permitting the prosecutor to question him regarding a prior misdemeanor conviction.
Where no objection is made at trial to an alleged error, we cannot reverse absent plain error.[1] Plain error exists "only in those rare circumstances where the outcome of the trial would clearly have been otherwise without the error."[2] The record demonstrates that Alsip himself testified to the details of the prior conviction, and that, in light of the overwhelming evidence of guilt, the testimony did not affect the outcome of the trial. We overrule the first assignment of error.
In his second assignment of error, Alsip challenges the sufficiency of the evidence to support his conviction, as well as the trial court's denial of his Crim.R. 29(C) motions. The relevant inquiry for reviewing the denial of a Crim.R. 29 motion is the same as the inquiry for sufficiency.[3] To reverse a conviction for insufficient evidence, a reviewing court must be convinced, after viewing the evidence in a light most favorable to the prosecution, that no rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.[4] In this case, the state's evidence was sufficient to establish that Alsip was guilty of aggravated assault, showing that, while arguing with his wife, Alsip hit her, pulled her from a truck by her hair, stomped on her face with his heavy work boots, and dragged her by her hair along the ground and up five stairs into a trailer. As a result of the attack, Alsip's wife sustained a broken left jaw and a shattered right jaw, each of which required surgery. We overrule the second assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Doan and Winkler, JJ.
[1] See Civ.R. 52(B); State v. Long (1978), 53 Ohio St.2d 91,372 N.E.2d 804.
[2] See State v. Lane (1995), 108 Ohio App.3d 477, 482, 671 N.E.2d 272,275; State v. Moreland (1990), 50 Ohio St.3d 58, 62, 552 N.E.2d 894,899.
[3] See State v. Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus.
[4] State v. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541; Statev. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, superceded by state constitutional amendment on other grounds.